Sarasota CCM v. Marshall, et al.     CV-02-401-M    06/11/03

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Sarasota CCM, Inc.,
     Plaintiff

     v.                                    Civil No. 02-401-M
                                           Opinion No. 2003 DNH 100
George Z. Marshall; John H.
Marshall, III; and John V. Daly,
Trustee of William Taylor Realty
Trust, Kincaid Dozier Realty Trust,
and Mulherin Realty Trust,
     Defendants

## O R D E R

Plaintiff, holder of a promissory note, has sued on that note. Before the court is a motion to dismiss filed by two of the note's makers, George Z. Marshall and John H. Marshall, III ("the Marshalls") (document no. 12). The Marshalls raise multiple grounds for dismissal, all but one of which were rejected, by order dated January 27, 2003, in response to John V. Daly's motion to dismiss. The only ground for dismissal that remains unaddressed is the Marshalls' argument that the court lacks personal jurisdiction over them. Because their argument is without merit, the Marshalls' motion to dismiss is denied.

The Marshalls argue that the court lacks jurisdiction under New Hampshire's long-arm statute and that plaintiff has made an insufficient showing of relatedness and purposeful availment/ minimum contacts for this court's exercise of personal jurisdiction to be lawful under the due process clause of the United States constitution. They also argue, without reference to relevant gestalt factors, that it would not be reasonable for this court to exercise personal jurisdiction over them. See Sawtelle v. Farrell, 70 F.3d 1381, 1394 (1st Cir. 1995) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985) (setting out the five gestalt factors for assessing the reasonableness of a court's exercise of personal jurisdiction).

The exhibits appended to plaintiff's objection to defendants' motion to dismiss provide affirmative proof of the following facts: (1) plaintiffs are suing on a promissory note executed in Manchester, New Hampshire; (2) BankEast, with a principal place of business in Portsmouth, New Hampshire, was the original holder; (3) defendants gave the note as part of a work-out agreement between BankEast and, inter alia, George Z. Marshall, John H. Marshall, III, Magnolia Corporation (a Delaware

2

corporation, registered to do business in New Hampshire, of which George Z. Marshall was an officer), and Continental Properties (a New Hampshire general partnership of which the Marshalls were general partners); (4) Magnolia Corporation and Continental Properties had a Portsmouth, New Hampshire, mailing address; (5) the work-out agreement that gave rise to the promissory note recites that Magnolia Corporation and Continental properties, together with William Taylor Realty Trust and Kincaid Dozier Realty Trust, operated a property in Portsmouth, New Hampshire, as a joint venture.

Plaintiffs have offered affirmative proof justifying application of New Hampshire's long-arm statute, N.H. REV. STAT. ANN. § 510:4, I, and that meets the relatedness and minimum contacts/purposeful availment prongs of the federal due process test for personal jurisdiction. See Mass Sch. of Law v. Am. Bar Ass'n, 142 F.3d 26, 35 (1st Cir. 1998). The Marshalls, by virtue of their involvement with Magnolia Corporation and Continental property transacted business in New Hampshire, and purposely availed themselves of the opportunity of doing so, by: registering Magnolia Corporation with the New Hampshire Secretary

3

of State, establishing Continental Properties as a general partnership under New Hampshire law, participating in a joint venture to operate a property in Portsmouth, granting a mortgage on that property to BankEast, negotiating a work-out agreement with BankEast, and making the promissory note at issue here as part of that work-out agreement. Because plaintiff has made a strong showing with regard to relatedness and purposeful availment, and the Marshalls have made no showing with regard to reasonableness, their motion to dismiss for lack of personal jurisdiction is denied. See Sawtelle, 70 F.3d at 1394 (citing Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 210 (1st Cir. 1994) (explaining that after plaintiff make a showing on relatedness and purposeful availment, defendant must demonstrate unreasonableness); see also Danton v. Innovative Gaming Corp. of Am., 246 F. Supp. 2d 64, 71 (D. Me. 2003) (citations omitted) ("Once the plaintiff makes a prima facie showing of relatedness and minimum contacts/purposeful availment, the burden shifts to the defendant to convince the court that the Gestalt factors militate against the exercise of jurisdiction.") (citations omitted).

## Conclusion

The motion to dismiss (document no. 12) is denied.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

June 11, 2003

cc:  David C. Engel, Esq.
     Lawrence M. Edelman, Esq.
     Frank P. Spinella, Jr., Esq.